SO ORDERED.

SIGNED this 22 day of February, 2013.

_J. Rich Leonard_
**J. Rich Leonard**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

KIMBERLY NIFONG MITCHELL,              CASE NO: 11-08880-8-JRL

     DEBTOR.                              CHAPTER 11

| | | |
|---|---|---|
| BRIAN KEESEE, | ) | |
| | ) | |
|    PLAINTIFF, | ) | |
| | ) | |
|  vs. | ) | ADVERSARY PROCEEDING |
| | ) | NO. 12-00048-8-JRL |
| KIMBERLY NIFONG MITCHELL | ) | |
| | ) | |
|    DEFENDANT. | ) | |

### ORDER

This case came before the court on Kimberly Nifong Mitchell's ("defendant") motion for summary judgment.  On February 13, 2013, a hearing on the matter was held in Wilmington, North Carolina.

### BACKGROUND

Brian Keesee ("plaintiff") and the defendant were married, but separated, and were pitted against one another in a lawsuit in New Hanover County District Court ("domestic action").  The

domestic action was resolved by way of a settlement agreement and order ("order"), voluntarily executed by both parties and filed on May 18, 2011.  Both parties further acknowledged that the provisions of the order were "fair, just, and reasonable" and would be "just as effective as if the Order had been entered after a contested trial on the merits."  As one of the conditions of the agreement, the plaintiff gave up his right to "sue" the defendant.

On November 21, 2011, the defendant filed a petition for relief under chapter 11 of the Bankruptcy Code.  The plaintiff instituted the present adversary proceeding on March 19, 2012, seeking a determination that the defendant's November 7, 2011 transfers of 8601 E. Oak Island Drive, 4255 Long Beach Road, and 6628 Kings Lynn Drive were made with the intent to hinder, delay, and/or defraud a creditor or officer of the estate and requesting denial of the defendant's discharge under 11 U.S.C. § 727(a)(2).

The defendant thereafter filed the motion for summary judgment currently before the court on December 13, 2012, asserting that the plaintiff was precluded from initiating this adversary proceeding under the terms of the order.  The defendant also attached an excerpt from the October 24, 2012 deposition of the plaintiff, who conceded that he had never sought to have the order modified, nor had he ever appealed it.  Counsel for the plaintiff did not file a response to the motion for summary judgment, but did appear at the hearing to oppose the motion.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. A dispute is genuine "if the evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Facts that are "material" for purposes of summary judgment are those that "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not [preclude summary judgment]." Id. The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## ANALYSIS

To determine the meaning of terms contained in a divorce agreement, bankruptcy courts generally seek guidance from applicable state law. See Pierce v. Sasser (In re Pierce), No. 91-6038, 1993 WL 13004580, at *2 (S.D. Ga. Feb. 12, 1993) (explaining that while courts are not bound by state law in ascertaining the meaning of words such as alimony, maintenance, or support, they, should, nevertheless, consider the intention of state court judges in assigning such obligations under state law). Under North Carolina law, a consent or divorce order "is merely a court-approved contract" and thus "'subject to the rules of contract interpretation.'" Myers v. Myers, __ N.C. App. __, __, 714 S.E.2d 194, 198 (2011) (quoting Reaves v. Hayes, 174 N.C. App. 341, 345, 620 S.E.2d 726, 729 (2005) (citations omitted)). When a question arises

3

regarding contract interpretation, "'whether . . . the language of a contract is ambiguous or unambiguous is a question for the court to determine[.]'" Id. (quoting Anderson v. Anderson, 145 N.C. App. 453, 458, 550 S.E.2d 266, 269 (2001) (citations omitted)).  "In making this determination, 'words are to be given their usual and ordinary meaning and all the terms of the agreement are to be reconciled if possible[.]' " Anderson at 458, 550 S.E.2d at 269–70 (citation omitted).  "An ambiguity exists in a contract when either the meaning of words or the effect of provisions is uncertain or capable of several reasonable interpretations." Register v. White, 358 N.C. 691, 695, 599 S.E.2d 549, 553 (2004).  When the plaintiff in this proceeding executed the domestic order, he unambiguously gave up the right to "sue," or the right to "institute a lawsuit against" the defendant.  See Black's Law Dictionary 1570 (9th ed. 2009).  Thus, the only remaining question is whether an adversary proceeding falls within the provision in the order prohibiting the plaintiff from instituting a lawsuit against the defendant.

The Fourth Circuit has described adversary proceedings as "lawsuit[s] brought within a bankruptcy proceeding for one or more of the reasons specified in Bankruptcy Rule 7001." Duncan v. Duncan (In re Duncan), 448 F.3d 725, 727 n.1 (4th Cir. 2006).  Other courts have, likewise, categorized adversary proceedings as "full blown federal lawsuits within the larger bankruptcy case," Comm. of Unsecured Creditors v. Interfirst Bank Dallas, N.A. (In re Wood & Locker, Inc.), 868 F.2d 139, 142 (5th Cir. 1989), and, moreover, underscored the fact that the bankruptcy rules "draw strong analogies between an 'adversary proceeding' in bankruptcy and an ordinary 'case' in a district court," In re Pub. Serv. Co. of N.H., 898 F.2d 1, 2 (1st Cir. 1990) (Breyer, J.).  See also Murphy v. Mich. Guar. Agency (In re Murphy), 271 F.3d 629, 632 (5th Cir. 2001) (implying that like ordinary cases, adversary proceedings involve one party seeking

4

affirmative relief from another and holding that an adversary proceeding qualifies as a "suit" within the meaning of the Eleventh Amendment). Thus, when one institutes an adversary proceeding, or files a "subsidiary lawsuit within the larger framework of the bankruptcy case," one is commencing suit against another. In re Thompson, 965 F.2d 1136, 1140 (1st Cir. 1992). As the plaintiff gave up his right to sue the defendant in the May 18, 2011 settlement agreement and order, he had no right to institute this adversary proceeding. See, e.g., Bullock v. Bullock (In re Paul Elliot Bullock), No. 09-50647, 2010 WL 1780274, at *4 (S.D. Ind. Apr. 29, 2010) (supporting the proposition that divorce agreements will be enforced in bankruptcy proceedings). Defendant is, therefore, entitled to summary judgment as a matter of law.

## **CONCLUSION**

Based on the foregoing, the court concludes that there is no genuine issue of material fact that the plaintiff gave up his right to institute a lawsuit against the defendant, and therefore had no right to commence this adversary proceeding. Accordingly, the defendant's motion for summary judgment is **GRANTED**.

**END OF DOCUMENT**